R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
CORY READE DOWS AND SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada  89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
creade@crdslaw.com
rgraff@crdslaw.com
Attorneys for Creditors EUGENE TUMBARELLO
and SHAMROCK PAINTING INC.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No..:  20-12895-mkn |
| GREGG WILLIAM CHAMBERS, | Chapter 7 |
| Debtors. | |
| | |
| EUGENE TUMBARELLO, and SHAMROCK PAINTING INC., | Adv. Case No. 20-01119-mkn |
| Adversary Plaintiff, | **ADVERSARY PLAINTIFFS EUGENE TUMBARELLO, and SHAMROCK PAINTING INC.' MOTION FOR DISCOVERY SANCTIONS, TO COMPEL DISCOVERY RESPONSES, AND FOR AN ORDER TO SHOW CAUSE** |
| v. | |
| GREGG CHAMBERS, | |
| Adversary Defendant. | |
| | Date of Hearing:   October 13, 2021<br>Time of Hearing:   9:30 a.m.<br>**Before the Honorable Mike Nakagawa** |

Plaintiffs EUGENE TUMBARELLO and SHAMROCK PAINTING INC., by and through their attorneys of record, the law firm of Cory Reade Dows and Shafer, and hereby moves this court for discovery sanctions, to compel discovery responses, and for an order to show cause, pursuant to FRBP 7037, FRCP 37, and L.R. 7037[1]. This Motion is made and based upon all papers,

---

[1] In this Motion, all reference to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All referenced to "FRCP" are to the Federal Rules of Civil Procedure. All Referenced to L.R. are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada. All references to "ECF" are to the number assigned to the documents filed in the above-captioned adversary proceeding as they appear on the court's docket.

pleadings and records on file herein, the attached Memorandum of Points and Authorities, and any oral argument allowed at a hearing on this motion.

DATED this 8th day of September, 2021.

CORY READE DOWS AND SHAFER

By: /s/ R. Christopher Reade
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
creade@crdslaw.com
Attorneys for EUGENE TUMBARELLO and SHAMROCK PAINTING INC.

## POINTS AND AUTHORITIES

As this court is aware, Adversary Plaintiffs EUGENE TUMBARELLO and SHAMROCK PAINTING INC. (collectively "Plaintiffs" or "Tumbarello") and Debtor, Gregg William Chambers ("Debtor" or "Chambers") have a long and litigious history.[2] However, the issues in this motion are quite straight forward and simple. Plaintiffs filed a Motion Compel Discovery Responses Pursuant to FRBP 7037, FRCP 37, and L.R. 7037 ("Motion to Compel") on March 29, 2021, which was labeled as ECF 13. On April 21, 2021, Chambers filed a Motion to Set Aside, Withdraw, or Amend FRBP 7036 Admissions ("RFA Motion"), which was assigned ECF 21. On June 21, 2021 the Court issued orders granting both of these motion. The Order On Motion To Set Aside, Withdraw, Or Amend FRBP 7036 Admissions ("RFA Order"), ECF 39[3], ordered that Chambers was to provide answer to the Adversary Plaintiffs' Requests for Admission to Defendant Gregg Chambers ("RFA") no later than July 20, 2021 and that Plaintiffs must provide an declaration to support the award of attorney fees and costs. The RFA Order is attached as Exhibit "1". The Order on Adversary Plaintiffs Eugene Tumbarello, and Shamrock Painting Inc' Motion

---

[2] For a detailed summary of the history between the parties, please see ECF 37 Order on Adversary Plaintiffs Eugene Tumbarello, and Shamrock Painting Inc' Motion for Summary Judgment Pursuant FRBP. 7056, FRCP.56, and L.R. 7056, filed with this court on June 21, 2021.
[3] The RFA Order was filed twice as ECF 39 & ECF 40. These two orders appear to be identical.

2

Compel Discovery Responses Pursuant To FRBP 7037, FRCP 37, and L.R. 7037 ("Order to Compel"), ECF 41,[4] ordered that Chambers respond to the Adversary Plaintiffs' First Set of Requests of the Production or Inspection of Documents or Things to Adversary Defendant Gregg Chambers ("RFP") and the Adversary Plaintiffs' First Set of Interrogatories to Adversary Defendant Gregg Chambers ("ROGs") propounded by Plaintiffs on or before July 20, 2021. The Order to Compel is attached as Exhibit "2". Following the filing of Plaintiffs' declaration of cost and Chambers' response, the court entered the Supplemental Order On Motion To Set Aside, Withdraw, Or Amend FRBP 7036 Admissions ("Supplemental Order"), ECF 48[5], which order Chambers to pay to Plaintiffs $1,975.00 no later than August 17, 2021. The Supplemental Order is attached as Exhibit "3".

Unsurprisingly, Chambers failed to comply with these three orders. While Chambers did serve responses to the written discovery on July 20, 2021, this was a mere lip service, as he failed to provide an actual or meaningful response to nearly every request or question. Further, August 17, 2021 came and went without out Chambers tendering the required payment to Plaintiffs' Counsel. For these reasons, Plaintiffs is seeking that the court revisit this matter and consider case ending sanctions in this matter.

**ARGUMENT**

**I.   BECAUSE CHAMBERS FAILED TO COMPLY WITH THE COURTS ORDER, THE COURT SHOULD CONSIDER CASE TERMINATING SANCTIONS PURSUANT TO FRCP 37(A) AND LR 7037.**

In the Supplemental Order, the Court ordered Chambers to pay $1,975.00 to Plaintiffs' Counsel no later than August 17, 2021. See Supplemental Order p 2 lns 11–13. The court went on to order that if "such amount is not timely paid to plaintiffs' counsel, additional sanctions may be imposed upon request, which may include striking defendant's responses to discovery, or striking any answer or other response filed by the defendant in this proceeding." See Supplemental Order p. 2 lns 13–16. Because this is just the latest in the dilatory tactics of

---

[4] The Order to Compel was filed twice as ECF 41 & ECF 42. These two orders appear to be identical.
[5] The Supplemental Order was filed twice as ECF 48 & ECF 49. These two orders appear to be identical.

Chambers, Plaintiffs are requesting that the court strike Chambers' answer and enter a default against Chambers in this Adversary Proceeding for Nondischargeability of Debts.

The court rules provide the authority to sanction a party for noncompliance with the courts discovery order.

> If a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FRCP 37(b)(2)(A). "In the Ninth Circuit, sanctions are appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party." Fair Hous. v. Combs, 285 F.3d 899, 905 (9th Cir. 2002)(cleaned up). "Disobedient conduct not shown to be outside the litigant's control meets this standard." Id. "But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. NHL v. Metro. Hockey Club, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976). "Moreover, explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987).

As this court is aware, Chambers filed an answer to the Adversary Complaint on October 20, 2020 (See ECF 7 Answer to Complaint to Determine Dischargeability of Debt Pursuant to 11 USC § 523 ("Answer")) and then Chambers disappeared for over 6 months. The Court held multiple hearing on January 28, 2021 and March 25, 2021, at which Chambers failed to appear.

4

1  Chambers also failed to respond to Plaintiffs' counsel request to meet and confer to submit a
2  joint Discovery Scheduling Order.[6] On April 21, 2021, Chambers finally reappeared and filed
3  the RFA Motion. Chambers had delayed this case of over 6 months because he claimed that he
4  did not know of the hearings or pleadings because he did not receive the mail that was sent to his
5  address. See RFA Order p 3 ln 6–p 4 ln 2 and n 2. This Court has already "expressed its
6  skepticism that Chambers would receive the complaint mailed to the address he entered on his
7  bankruptcy petition as well as on the answer he filed in this adversary proceeding, but somehow
8  did not receive discovery mailed to the same address." See RFA Order p 3 n 2.

9      Even with the skepticism, this Court granted Chambers the privilege to respond to
10 Plaintiffs' RFA but this permission is conditions of Chambers paying Plaintiffs attorney fees
11 related to Chambers dilatory tactics. See RFA Order p 3 lns 3–4. However, Chambers has yet
12 make the required payment to Plaintiffs' Counsel. See Declaration of R. Christopher Reade, Esq.
13 Regarding Motion for Discovery Sanctions, to Compel Discovery Responses, and for an Order to
14 Show Cause ("Reade Declaration") ¶ 8, attached as Exhibit "4". Since Chambers has failed to
15 tender the ordered payment, Chambers has forfeited his right to respond to Plaintiffs' RFA and
16 his responses should be stricken.

17     Further, this Court ordered that "[i]n the event that such amount is not timely paid to
18 plaintiffs' counsel, additional sanctions may be imposed upon request, which may include
19 striking defendant's responses to discovery, or striking any answer or other response filed by the
20 defendant in this proceeding." See Supplemental Order p 2 lns 13–16. Plaintiffs request that the
21 Court strike Chambers' Answer and enter a Default against Chambers.

22 **II.  DEFENDANT CHAMBERS SHOULD BE COMPELLED TO SERVE ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 37(A) AND LR 7037.**

24     The Court should require and compel Defendant CHAMBERS to prepare and serve actual
25 and responsive Answers to ROGs (attached as Exhibit "5"), the RFP (attached as Exhibit "6") and
26 the RFA (attached as Exhibit "7"). FRCP 26(b)(1) governs the scope and limits of discovery. In

---

[6] For a detailed timeline of the events, please see ECF 13, Motion to Compel p 2–3.

5

general terms, it allows the discovery of any matter, not privileged, reasonably calculated to lead to admissible evidence. Garity v. Donahoe, 2014 U.S. Dist. LEXIS 17912, 2014 WL 547760 (D. Nev. Feb. 11, 2014), at *3, *citing* Jackson v. Montgomery Ward & Co., 173 F.R.D. 524, 526 (D. Nev. 1997); see also Anoruo v. Shinseki, 2013 U.S. Dist. LEXIS 109602, 2013 WL 3995264, at *1 (D. Nev. Aug. 5, 2013); Russo v. Lopez, 2012 U.S. Dist. LEXIS 147876, 2012 WL 4891704, at *1 (D. Nev. Oct. 12, 2012)("Under Rule 26(b)(1), discovery is allowed in civil actions to the extent that it is not privileged, is relevant, and relates to the claims or defenses asserted by the plaintiff.") *citing* FED. R. CIV. P. 26(b)(1) *and* Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (E.D. Cal. 2009). Whether discovery is sought on claims or defenses or the subject matter, Rule 26 provides for liberal discovery. Partner Weekly, LLC v. Viable Mktg. Corp., 2014 U.S. Dist. LEXIS 54401, 2014 WL 1577486, at *2 (D. Nev. April 17, 2014), *citing* Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)(stating that liberal discovery is afforded to encourage full disclosure before trial.). Rule 26 is accorded broad and liberal treatment by the courts because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." JPMorgan Chase Bank, N.A. v. KB Home, 2010 U.S. Dist. LEXIS 56519, 2010 WL 1994787, at *3 (D. Nev. May 18, 2010), *quoting* Epstein v. MCA, Inc., 54 F.3d 1422, 1423 (9th Cir. 1995).

FRCP 37(a)(3)(A) provides that if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. FRCP 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if "(iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34."

In this matter, the Court has already ordered Chambers to respond to the ROGs and RFP. See Order to Compel. Chambers was served the written discovery on January 4, 2021. See RFA Order p. 3 ln 16. On July 20, 2021, Chambers served his Adversary Defendant Gregg Chambers Answers to Adversary Plaintiffs' First Set of Interrogatories ("Answer to ROGs")(attached as

6

Exhibit "8"), Adversary Defendant Gregg Chambers Answers to Adversary Plaintiffs' First Set of Requests of the Production or Inspection of Documents or Things ("Answer to RFP")(attached as Exhibit "9"), Adversary Defendant Gregg Chambers Answers to Adversary Plaintiffs' Requests for Admissions ("Answer to RFA")(attached as Exhibit "10"). At best, these answers can be called nonresponsive.

On or about August 3, 2021, Plaintiffs served a Meet and Confer Letter on Chambers related to his deficient answer. The Meet and Confer Letter is attached as Exhibit "11".[7] The parties through counsel held a telephonic meet and confer conference to discuss the **deficiencies** of Chambers responses to the discovery. See Reade Declaration ¶ 10. Chambers agreed to supplement the discovery by September 3, 2021.

General, every answer held a boiler plate non-responsive objection. "The grounds for objecting to an interrogatory must be stated with specificity." FRCP 33(b)(4). Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Id. See also FRCP 34(b)(2)(C) (An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest) and FRCP 36 (The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999). "General objections to requests for admission are prohibited." Fisher v. Balt. Life Ins. Co., 235 F.R.D. 617, 630 (N.D.W. Va. 2006). "It would be difficult to dispute the notion that the very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain

---

[7] The Meet and Confer letter goes there nearly every response that Chambers made with a detailed description of why the response was nonresponsive. The letter and all of the reasoning and case law are incorporated into this motion by this reference.

7

of waiver." Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 359 (D. Md. 2008). Nearly every interrogatory had a nearly identical boilerplate objection and few were actually answered.

The other boilerplate objection in nearly every interrogatory is that discovery was continuing. This circular logic defies reasoning. In the RFA Motion, Chambers claimed that the Request for Admissions were propounded early. See RFA Motion § II. See Also Opposition to Plaintiffs Motion to Compel Discovery Responses, ECF 24, § II. Now, Chambers is claiming that these same requests cannot be answered because discovery is open. Since written discovery is only allowed while discovery is open, Chambers objection, if allowed, would eviscerate FRCP 33, 34, and 36.

Plaintiffs are requesting the Chambers actually reply to the written discovery. In the interrogatories, the majority of the requests are unanswered. Chambers put a boilerplate objection and did not answer the interrogatory. The Interrogatories that Chambers answered are also nonresponsive. Interrogatory no 9 asked Chambers to identify any contract between him and Ramsey and him and Plaintiffs. After the boilerplate objection, Chamber stated none. The state court judgment is based on the two contracts between Chambers, Ramsey, and Plaintiffs. As the state court has already found these contracts to be valid, then Chambers cannot contest there authenticity. Further, it defies the bounds of logic to believe that Chambers and Ramsey have not entered into any agreements since September of 2016. Ramsey transferred to Chamber half of the 1207 Westlund Property on May 22, 2019. Why would she do transfer this property, if Chambers and Ramsey had not reached an agreement. As such, even the interrogatories that Chambers answers are defective and must be answered correctly.

The RFP have the same defect as the Interrogatories. A number of are answered with Discovery continuing or Objection, overbroad. Discovery continuing. Chambers also responded to a number of request as Objection attorney client privilege. However, Chambers failed to provide a privilege log for these objections. As stated above these boilerplate objection are ineffective and tantamount to making no objection. See Walker at 587. For the Requests that Chambers response to, his response was the same, "See attached DEF 1-25". It did not seem to matter what documents

the request was asked to provide, Chambers provided the same 25 pages. Since Chambers has failed to properly respond to the RFP, the court should order that he immediately provide proper answers.

III. **SINCE CHAMBERS WAS UNDER A COURT ORDER TO PROPERLY ANSWER THE ROGS, RFP, AND RFA, THE COURT SHOULD ORDER CHAMBERS TO SHOW CAUSE AS TO WHY HE SHOULD NOT BE HELD IN CONTEMPT OF COURT.**

Unlike most discovery dispute, Chambers was already under a courts order to answer both the RFA (See RFA Order) and the ROGs and RFP (See Order to Compel). Instead of providing proper answer, Chambers' answers included boilerplate objection and request for definitions of commonly understood terms. "It would be difficult to dispute the notion that the very act of making such boilerplate objections is prima facie evidence of a Rule 26(g) violation, because if the lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both Rule 33 and 34 responses must state objections with particularity, on pain of waiver." Mancia at 359. Since the use of a boiler plate objection is a violation of FRCP 26(g) it should also be a violation of the RFA order and the Order to compel. Further as discussed above, most of Chambers responses did not comply with with the requirements in FRCP 26. As such, Plaintiff request that the court set an hearing for an order to show cause why Chambers should not be held in contempt for failing to comply with the courts order and properly answer the RFA, the ROGs and the RFP.

IV. **PURSUANT TO FRCP 37, PLAINTIFFS SHOULD BE AWARDED REASONABLE ATTORNEY FEES AND COSTS.**

Pursuant to FRCP 37, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with the court's order], unless the failure was substantially justified or other

9

circumstances make an award of expenses unjust." FRCP 37(b)(2)(C). This court had already ordered Chambers properly respond to the RFA, RFP, and the ROGs. Chambers was also order to pay Plaintiffs Attorney fees and cost. Since Chambers has failed to comply with the court's orders, Plaintiffs should be awarded their attorney fees and costs.

## CONCLUSION

Adversary Plaintiffs EUGENE TUMBARELLO and SHAMROCK PAINTING respectfully request that this Court issue an Order striking Chambers' answer and enter a default pursuant to FRCP 37 and strike Chambers' Answers to the RFA because Chambers failed to make the payment upon which his right to respond to the RFA was conditioned. Further, Plaintiffs request that Chambers be ordered to provide proper Answers to Interrogatories and Responses to Requests for the Production of Documents in this matter. Plaintiffs are requesting that the court issue an Order to Show Cause why Chambers should not be held in contempt of court for failing to abide by the RFA Order and the Order to Compel. Lastly, Plaintiff also request an order of attorney fees and costs for having to bring this motion.

DATED this 8th day of September, 2021.

CORY READE DOWS AND SHAFER

By:  /s/ R. Christopher Reade
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada  89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
cread@crdslaw.com
Attorneys for EUGENE TUMBARELLO and SHAMROCK PAINTING INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September 2021, that I completed service of the foregoing ADVERSARY PLAINTIFFS EUGENE TUMBARELLO, and SHAMROCK PAINTING INC.'S MOTION FOR DISCOVERY SANCTIONS, TO COMPEL DISCOVERY RESPONSES AND AN ORDER TO SHOW CAUSE electronic service in accordance with Administrative Order 02-1 of the United States Bankruptcy Court for the District of Nevada on the date hereof and that said service was completed through the Notice of Electronic Filing automatically generated by said Court.

      /s/ Elizabeth Arthur
An employee of Cory Reade Dows and Shafer