# Exhibit 11
## Meet and Confer Letter

Ex. 11



| | | |
|---|---|---|
| Timothy Cory, Esq. | 1333 North Buffalo Drive, Suite 210 | Affiliated Office: |
| R. Christopher Reade, Esq. | Las Vegas, Nevada 89128 | Neil J. Beller, Ltd. |
| Angela Dows, Esq. | Telephone: (702) 794-4411 | 7408 West Sahara Avenue |
| Jay Shafer, Esq. | Facsimile (702) 794-4421 | Las Vegas, Nevada 89117 |
| P. Rowland Graff, Esq. | www.crdslaw.com | (702) 368-7767 |

August 3, 2021

Christopher Burke, Esq.
218 S. Maryland Parkway
Las Vegas Nevada, 89101

Re: In Re: Gregg William Chambers (Adv No: 20-0119-MKN)
Request to Meet and Confer regarding Mr. Chambers failure to properly respond to Written Discovery.

Dear Mr. Burke:

We are in receipt of Defendant Gregg William Chambers' (hereinafter "Chambers) (1) Answers to Adversary Plaintiffs' First Set of Interrogatories to Adversary Defendant Gregg Chambers ("Interrogatory"), (2) Adversary Plaintiffs' Responses to Requests for the Production of Documents to Defendant Gregg Chambers ("RFP"), Adversary Plaintiff's Requests for the Admissions to Defendant Gregg Chambers ("Admissions") (collectively, Interrogatory, RFP & Admissions are referred to as "Written Discovery"). Needless to say, Chambers' answers were defective and evasive. Pursuant to FRCP 37, Eugene Tumbarello and Shamrock Painting Inc. ("Plaintiffs") are requesting to meet and confer regarding the dispute related to the Written Discovery.

The first issue is that nearly every response includes a boiler plate objection, which does not state with specificity what part of the request or interrogatory is objectionable. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). The grounds for objecting to an interrogatory must be stated with specificity. FRCP 33(b)(4). Chambers' one-word objections do not comply with the requirements under the Court Rules. Chambers response to the written discover must be withdrawn and an amended.

Next, Chambers objects to the written discovery because discovery continuing. Chambers fails to cite any law or authority that allows the responding party to not answer a discovery request because discovery is pending. It is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Pursuant to the court rules, in order to propound Written



Christopher Burke, Esq.
August 3, 2021
Page 2

Discovery, discovery must be open. Every discovery request where Chambers' objects on the ground of "discovery continuing" is evasive, incomplete, and must be withdrawn.

With respect to Interrogatory No. 1, Chambers was asked to identify each person that he communicated with the regarding the 1201 Westland Property. Chambers responded "Objection, vague, ambiguous and overbroad. Discovery continuing." Chambers has failed to describe with particularity what part of Interrogatory No 1 was objectionable. Further the words used are either defined in the instructions or can be readily defined in a dictionary. This Interrogatory is limited in scope, subject matter, and time. Further, it is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Chambers is required to provide the requested information as party of the discovery process. Since Chambers has failed to timely state a valid objection, all objection to with respect to this Interrogatory is waived. FRCP 33(b)(4). The answer to this interrogatory is incomplete and evasive and must be withdrawn and amended.

Interrogatory No.2 requests the same information as Interrogatory No. 1 but related to the 1207 property. While Chambers did identify two individuals, he failed to provide any information regarding the specifics of the conversation or the contact information for the identified witnesses, as was required in the definitions, the instructions, and the interrogatory. Further, it seems that this list is incomplete. Chambers is requested to please update this interrogatory to comply with the requested information.

With respect to Interrogatory Nos. 3 & 4, Chambers was asked to provide information related to prior litigation. Chamber's objection was the request was irrelevant. However, this is the incorrect standard for a discovery dispute. FRCP 26(b)(1) allows discovery of non-privileged matters that "are relevant to any party's claim or defense and proportional to the needs of the case." The evidence does not need to be admissible to be discoverable. Chambers does not have the authority to decide what evidence is relevant. The requested information is related to civil cases and criminal cases similar to the underlying Eighth Judicial District Court case, where Chambers was holding himself out to be a contractor. These are undoubtably related to the issues of this adversary proceeding. Further, Chambers objected to Interrogatory No 4 as being overbroad even though it was limited to specific criminal charges where Chambers was prosecuted for crimes related to engaging in contracting without a license. The answers to these interrogatories are incomplete and evasive and must be withdrawn and amended.



Christopher Burke, Esq.
August 3, 2021
Page 3

With respect to Interrogatory No. 5, Chambers objects on the ground that this assumes facts not in evidence. While this is a ridiculous objection, it is also without a legal basis. It does not assume any facts. Chambers admits that Plaintiffs provided him access to a Home Depot Credit Card and $35,000. (See AECF 29-1 ¶¶ 11–12). Obviously there had to be some communication between Plaintiffs and Chambers. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answer to this interrogatory is incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory Nos. 7 & 8, Chambers was asked to identify properties and building permits, where he has personal provided construction work. Chambers claims that these Interrogatories are overbroad. First, these interrogatories are limited in scope and time and Chambers has failed to state with specificity how these questions are overbroad. Since Chambers' boiler plate objection are equivalent to making no objection, these objections are waived. Further, even if Chambers' statement that he cannot recall all of these is true, that does not allow him to not respond to those properties and permits that he can remember. Chambers has a duty to review his records and find the requested information. He cannot just state that I can't remember everything and not give any answer. The answers to these interrogatories are incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory No. 9, Chamber did not object or answer. Please provide an answer to this Interrogatory. Since you failed to timely object to this Interrogatory, all objections are waived.

With respect to Interrogatory No. 10, Chambers was asked to identify any contract or agreement between him and Elizabeth Ramsey and any contract between him and Plaintiffs. Chambers' objection is vague, ambiguous, and discovery continuing. This does not state with specificity what Chambers' objection is as required by the court rules. Further the requested information is not vague or ambiguous. Next, the Eighth Judicial District Court has found that the contracts related to the 1201 and 1207 properties were entered into between Chambers, Plaintiffs and Elizabeth Ramsey. Chambers is estopped from denying these contracts and therefore his answer is untruthful. Further Chambers provided a payment ledger for Chambers & Ramsey/Blanco. (Def 10). It is preposterous that Chambers does not have any agreement with Ms. Ramsey. Ms. Ramsey transferred ½ interest in 1207 Westlund to Chambers, to allow Chambers to file a fraudulent Declaration of Homestead. This would at least show that there must be some kind of agreement between Chambers and Ms. Ramsey. It is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open.



Christopher Burke, Esq.
August 3, 2021
Page 4

Chambers is required to provide the requested information as party of the discovery process. The answer to this interrogatory is incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory Nos. 11 & 12, Chamber was asked to identity all of his or Elizabeth Ramsey expenditure related to the 1201 and 1207 properties. Chambers' boiler plate objection was again ambiguous, overbroad, and discovery continuing. This does not state with specificity what Chambers' objection is as required by the court rules. Further the requested information is specific and not ambiguous. Lastly, it is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Chambers is required to provide the requested information as party of the discovery process. The answers to these Interrogatories are incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory No. 13, Chambers objects on the ground that this assumes facts not in evidence. While this is a ridiculous objection, it is also without a legal basis. This Interrogatory does not assume any facts. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answer to this interrogatory is incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatories Nos. 9 and 10, Chambers objects on the ground that they are overbroad and discovery continuing. This does not state with specificity what Chambers' objection is as required by the court rules. The requested information is specific and limited in scope by subject matter and time. Further, it is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Chambers is required to provide the requested information as party of the discovery process. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answers to these interrogatories are incomplete, evasive, and must be withdrawn and amended.

With respect to Interrogatory No. 11, Chambers objected to the Interrogatory as being vague, ambiguous, overbroad, and discovery continuing. Chambers has failed to describe with particularity what part of the Interrogatory is objectionable. Further the words used are either defined in the instructions or can be readily defined in a dictionary. Further, Chamber's statements that he did not receive any money is contradicted by the Eighth Judicial District Court Judgment and Chambers' unsworn declaration. (See AECF 29-1 ¶¶ 11–12). It is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Chambers is required to provide the requested information as party of the discovery

Case 20-01119-mkn    Doc 57-11    Entered 09/08/21 12:34:32    Page 6 of 12



Christopher Burke, Esq.
August 3, 2021
Page 5

process. Since Chambers has failed to timely state a valid objection, all objection to with respect to this Interrogatory are waived. The answer to this interrogatory is incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory Nos. 12 & 13, Chambers objects on the ground that this assumes facts not in evidence. While this is a ridiculous objection, it is also without a legal basis. These Interrogatories do not assume any facts. Further, Chamber's statements that he did not receive any money is contradicted by the Eighth Judicial District Court Judgment and Chambers' unsworn declaration. (See AECF 29-1 ¶¶ 11–12). Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answers to these interrogatories are incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory No. 14, Chambers objected to the Interrogatory as being vague, ambiguous, overbroad, and discovery continuing. Chambers has failed to describe with particularity what part of the Interrogatory is objectionable. Further the words used are either defined in the instructions or can be readily defined in a dictionary. While Chambers identified that he spoke to a realtor, he failed to provide any information regarding the specifics of the conversation or the identity of the realtor as was required in the definitions, the instructions, and the interrogatory. Further, it is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Chambers is required to provide the requested information as party of the discovery process. Since Chambers has failed to timely state a valid objection, all objection with respect to this Interrogatory are waived. The answer to this interrogatory is incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory No. 15, Chambers objected to the Interrogatory as being vague, ambiguous and calls for a legal conclusion. Chambers has failed to describe with particularity what part of the Interrogatory is objectionable. Further the words used are either defined in the instructions or can be readily defined in a dictionary. In this bankruptcy, there are references to at least two declarations of homestead for two separate properties, where Chambers claims that each property was his residency. This Interrogatory is asking Chambers to state where he has resided the last five years. It is not requesting that he make any legal conclusions. Since Chambers has failed to timely state a valid objection, all objection with respect to this Interrogatory are waived. The answer to this Interrogatory is incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory No. 16, Chambers objects on the ground that this assumes facts not in evidence. First, Chambers has failed to Identify any person or



Christopher Burke, Esq.
August 3, 2021
Page 6

entity that worked on the 1201 or the 1207 Westland Properties as this interrogatory requested. This Interrogatory is only requesting information about the work that Chambers or Elizabeth Ramsey hired or paid to work on the 1201 Westlund or the 1207 Westlund properties. This Interrogatory clearly ends after the word "work". On the next page, there is an incomplete sentence that does not appear to be part of any Interrogatory. However, even if the funds from Plaintiff were part of Interrogatory 16, Chambers claims that he did not receive any funds from Plaintiffs is contradicted by the Eighth Judicial District Court Judgment and Chambers' unsworn declaration. (See AECF 29-1 ¶¶ 11–12). Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answer to this interrogatory is incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory Nos. 17, 18, 19, & 20 Chambers was asked to identify facts that supported his denial of the allegations in the complaint. Chambers has failed to describe with particularity what part of these Interrogatories are objectionable. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. Chambers objected to these Interrogatories on the grounds they call for a legal conclusion or assumes facts not in evidence. However, the requests are for facts that support Chambers' denials in his answer. The answers to these interrogatories are incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory No. 21, Chambers objected to the Interrogatory as being overbroad, and discovery continuing. Chambers has failed to describe with particularity what part of the Interrogatory is objectionable. Further the words used are either defined in the instructions or can be readily defined in a dictionary. Chambers' employment and income for the last three years is an integral part of Chambers' Bankruptcy proceeding. Further, it is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Chambers is required to provide the requested information as party of the discovery process. Since Chambers has failed to timely state a valid objection, all objection with respect to this Interrogatory are waived. The answer to this interrogatory is incomplete and evasive and must be withdrawn and amended.

With respect to Interrogatory No. 22, Chambers objected to the Interrogatory as calling for a legal conclusion. Chambers has failed to describe with particularity what part of the Interrogatory is objectionable. This Interrogatory request facts and evidence that supports Chambers' interpretation the Eighth Judicial District Court's July 22, 2019 order. If there are any legal conclusions in this Interrogatory, they are conclusions that Chambers had made. Since Chambers has failed to timely state a



Christopher Burke, Esq.
August 3, 2021
Page 7

valid objection, all objection with respect to this Interrogatory are waived. The answer to this interrogatory is incomplete and evasive and must be withdrawn and amended.

 Chambers' answers to the RFP are also defective. In RFP No. 3, Chambers objects on the grounds of attorney client privilege an overbroad. "When a party withholds information otherwise discoverable by claiming that the information is privileged…, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FRCP (b)(5)(A). In order to make a claim of privilege, Chambers was required to provide a privilege log. As Chambers failed to properly assert a timely privilege objection, the objection is waived. Further, it seems dubious that in the time period listed in the RFP that there was not any correspondence on this subject matter, as the Nevada State Case had disclosed emails and texts between parties to that litigation. Chambers also provided a redacted email from Todd Geib, who was also involved with 1201 and 1207 Properties. Chambers need to review his email and text to see if there are other responsive documents. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

 With respect to RFP Nos. 5 & 6, these responses seem incomplete. First, if Chambers wants to asset a privilege, he needs to provide a privilege log. The provided documents need to be provided in an unredacted form or provide a privilege log stating why the information was redacted. There is an email that shows there were forwarded messages from Todd Geib. The Original email from Mr. Geib should have been provided. Also, there are presumably additional emails between Chambers and Mr. Geib. Chambers needs to review his emails and Text messages to determine if there are any other responsive documents. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answers to these RFPs are incomplete must be amended.

 With respect to RFP Nos. 7 & 8, discovery continuing is not a valid objection. It is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Chambers is required to provide the requested information as party of the discovery process. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answers to these RFPs are incomplete and evasive and must be withdrawn and amended.



Christopher Burke, Esq.
August 3, 2021
Page 8

With respect to RFP No. 9, this response is incomplete. The Eighth Judicial District Court has already found that Chambers solicited money from Plaintiffs in the time period of this RFP. Chambers is required to provide documents requested, especially since Chambers did not object to this RFP. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

With respect to RFP Nos. 10, 11, & 12, Chambers has objected on the grounds that this is overbroad and discovery continuing. It is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Further this RFP is limited to licenses, construction work, or permits that Chambers did or had done during the requested time period. These RFPs are limited in scope, subject matter, and time. Therefore, they are not overbroad. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections.  The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

With respect to RFP No. 13, this response is incomplete. The RFP asked for all documentations that documented money to Chambers or Elizabeth Ramsey from Plaintiff. Chambers has admitted that he has received the Home Depot Credit card and $35,000 from Plaintiffs. (See AECF 29-1 ¶¶ 11–12). Nothing in DEF 1-25 shows the receipt of money from Plaintiffs or the repayment. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

With respect to RFP No. 14, this response is incomplete. The Eighth Judicial District Court has ruled that you had two contracts with Plaintiffs, and you are estopped from denying that in this litigation. Further you provided a payment ledger, which is titled Chambers & Ramsey/Blanco. (Def 10). It is absurd for Chambers to claim that he does not have any agreements with Ms. Ramsey transferred ½ interest in 1207 Westlund to Chambers, to allow Chambers to file a fraudulent Declaration of Homestead. This would at least show that there must be some kind of agreement between Chambers and Ms. Ramsey. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

With respect to RFP Nos. 15, 16, 17, 18, 20, 21, & 22, Chambers has objected on the grounds that this is overbroad and discovery continuing. It is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Further this RFP is limited to expenditure related to the 1201 and the 1207 properties. These RFPs are limited in scope, subject matter, and time. Therefore, they are not overbroad. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. Further, Chambers objected to RFP Nos. 17 & 18 because he did not have access to Elizabeth Ramsey's documents.



Christopher Burke, Esq.
August 3, 2021
Page 9

However, DEF 3 & DEF 4 are a checking account statement for Ms. Ramsey. Since Chambers has voluntarily provided Ms. Ramsey's documents, it makes it hard to understand where Chambers is coming from with this objection. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

With respect to RFP No. 23, Chambers objects on the ground that this assumes facts not in evidence. While this is a ridiculous objection, it is also without a legal basis. This Interrogatory does not assume any facts. The RFP requested that Chambers provide document supporting his assertion that he did not intentionally and fraudulently impair, impede, and block the sale of the 1201 Property or 1207 Property. If there are any facts being assumed, they are Chambers' facts. Chambers has failed to describe with particularity how this RFP is objectionable. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

With respect to RFP No. 24, Chambers objects on the ground that Plaintiffs did not define "performed". This objection borders on the ludicrous and the ignorant as this term is readily defined in a dictionary as to carry out, accomplish, or fulfill. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

With respect to RFP No. 25, objects on the ground that calls for a legal conclusion. This RFP is not asking him to conclude if his dilatory actions are contemptable. The Eighth Judicial District Court has already concluded that. The RFP asks for any documents that supports Chambers' belief that the Eighth Judicial District Court has not already found him in contempt. Chambers has failed to describe with particularity how this RFP is objectionable. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

With respect to RFP No. 26, Chambers objected on the grounds that this is overbroad and discovery continuing. It is absurd to object to a discovery request by responding that you are unable to answer discovery because discovery is open. Further this RFP is limited to Chambers' employment and income for the last three years. This RFP is limited in scope, subject matter, and time. Therefore, it is not overbroad. Chambers' boiler plate objections are inadequate and the equivalent of not making any objections. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.



Christopher Burke, Esq.
August 3, 2021
Page 10

With respect to RFP No. 27, this response is incomplete. The RFP asked for all documentations that showed the money used by Chambers or Elizabeth Ramsey to purchase four properties. Chambers provided escrow statements for the Robin Circle property. nothing in DEF 1-25 shows what funds Chambers or Ms. Ramsey used to purchase these properties. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

With respect to RFP No. 28, Chamber states that he will provide the requested documents. This does not comply with the Requirements of FRCP 34. "The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." FRCP 24(B)(2)(A). These documents are overdue and must be immediately provided. The answer to this RFP is incomplete and evasive and must be withdrawn and amended.

Chambers' answers to the Adversary Plaintiff's Requests for the Admissions to Defendant Gregg Chambers ("Admissions") are also plagued with the same defective objections. Further, many of the Admissions, which Chambers denied, have already been decided by the Eighth Judicial District Court. Res Judicata estops Chambers from denying these items, including the existence of the contracts or that Plaintiffs provided funds pursuant to the contracts. Please update your response to the Admissions to reflect those issues, upon which the Eighth Judicial District Court has already ruled. The Court has already ruled that Chambers' failure to comply with the court's order related to the Admissions, may lead to the court striking Chambers answer or response to discovery. Please govern yourself accordingly.

Plaintiffs request that Chambers withdraw his defective and irrelevant objections and supplement his responses to the Written Discovery. Since Chambers has had the Written Discovery for nearly eight months, Chambers' supplement needs to be completed forthwith.

Plaintiffs request a Meet and Confer Conference on August 10th, 2021 at 10:30 am where we may meet and confer to discuss this issues that have been raised in this letter. As you are aware, Plaintiffs have already received an order to compel Chambers' responses to the Written Discovery. It is our opinion that Chambers' answers are not in compliance with the letter or sprit of the court's order. If Chambers fails to provide amended answers to the Written Discovery, Plaintiffs, in addition to seek to compel Chambers' responses to the Written Discovery, will also seek sanctions for Chambers' failure to properly answer the Written Discovery as required in AECF 39 and 41.



Christopher Burke, Esq.
August 3, 2021
Page 11

    Should you have any questions or wish to discuss this matter at any time, please do not hesitate to contact me.

    Respectfully yours,
CORY READE DOWS AND SHAFER

/s/ *R. Christopher Reade*

R. Christopher Reade, Esq.

RCR:
Enclosure
cc:    Client